CHARLES PUTZEL, Respondent, *v.* MATTHEW W. WILSON and Others, Appellants.

*Agent to obtain loan — entitled to pay where his employer's title proves to be bad, although by the agreement he was to be paid out of the money to be loaned — how far such an agent may act for both borrower and lender.*

In an action, brought to recover an amount agreed to be paid to the plaintiff for his services in procuring a loan for the defendants, it appeared that the plaintiff procured parties who were willing to make the loan, and who agreed to make it on terms satisfactory to the defendants, but on an examination of the title to the defendants' property it was ascertained to be defective, and for that reason solely the loan was not made.

*Held,* that the plaintiff had earned the compensation which was to be paid to him, and that its recovery could not be denied because the agreement subscribed by the defendants contained a stipulation that the amount to be paid to plaintiff should be deducted from the loan.

That, because of the defect of the title of the defendants, the plaintiff was deprived of this power of deducting his compensation from the amount of money which was to be loaned, and that the defendants could not rely upon their own default to defeat the plaintiff's right to recover compensation for the services performed by him.

That, in transactions of this kind between proposed lenders and borrowers of money, it is often necessary, where an agent applies to one party for a loan for the benefit of another, that the lenders rely upon him to obtain for them a valid security for their money; and such double relations between the parties cannot be set up as a defense to the agent's right to compensation.

Appeal from a judgment, entered on a verdict for the plaintiff directed by the court, and from an order denying a motion for a new trial made on the minutes of the court.

*Abraham Kling*, for the appellants.

*William King Hall*, for the respondent.

Daniels, J.:

The recovery was for the amount agreed to be paid to the plaintiff for his services in procuring a loan for the defendants for the sum of $35,000. He did procure parties who were willing to take the loan and agreed to take it, on terms satisfactory to the defendants, but on an examination of the title of their property it was ascertained to be defective, and for that reason, solely, the loan was not made. The plaintiff, however, performed all the services which were to be rendered by him for which the stipulated compensation was to be paid, and the defendants failed to obtain the loan because of their inability to present the security which it was contemplated by the agreement should be given for the loan. He had accordingly earned the compensation which was to be paid to him and a recovery of the amount could not be denied, because the agreement subscribed by the defendants contained the stipulation that the amount to be paid the plaintiff should be deducted from the loan. That would have been done if the title of the defendants had been as satisfactory as the persons proposing to make the loan could have required or expected to receive. But it was not, and they accordingly, on their part, deprived the plaintiff of this power to deduct his compensation from the amount of money which was to be loaned, and they cannot rely upon their own inability to perform the contract, or their own default in so doing, to defeat the plaintiff's right to recover the compensation for the services performed by him in carrying out the intent as well as the terms of the agreement.

The defendants, by their inability to make a good title, prevented the plaintiff from securing his compensation in the literal mode provided for by the agreement, and where that may be the effect of the act or default of a party, he cannot insist upon it, by way of defense against the claim of the other, who was not only ready and willing, but, in fact, performed all that was required of him under the terms of the contract.

It did not appear that the plaintiff was acting on behalf of the proposed lenders as well as the borrowers of the money. Besides that it will often be necessary, where an agent applies to one party for a loan for the benefit of another, that the

lenders may legally rely upon him to obtain for them a valid security for their money; and that can be done without rendering his right to compensation obnoxious to the rule that an agent cannot without the knowledge of his employer also act for the interest and benefit of another. As far as the plaintiff did act under the employment it was contemplated that it should include one or more negotiations with other persons from whom the expected loan might be obtained. And acting in that manner would not deprive him of his right to compensation under the principle that an agent ordinarily cannot act for or on account of different parties whose interests are adverse in the same transaction. Besides that no defense of this description was set forth in the defendants' answer, and without the answer, relying upon it, evidence tending to establish such a defense, even if it had been given during the progress of the trial, would not be available to the defendants.

At the conclusion of the evidence both parties applied to the court for the direction of a verdict or judgment in his or their favor, and the court, considering that the plaintiff was entitled to recover, directed a verdict for the stipulated compensation in favor of the plaintiff.

The evidence, as it was given, sustained that direction and the judgment and order should be affirmed.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment and order affirmed.