### SCHNAIER v. NATHAN.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

ACTION ON CONTRACT—PLEADING AND PROOF.
  If a complaint in an action upon a building contract alleges full performance, no evidence tending to excuse nonperformance is admissible.
  O'Brien and McLaughlin, JJ., dissenting.

Appeal from special term, New York county.

Action by Milton Schnaier against Pinkus Nathan. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Sol. M. Stroock, for appellant.
M. Mayer, for respondent.

PATTERSON, J. The judgment in this case must be reversed upon the ground that the recovery was had upon a different cause of action from that set out in the complaint. The evidence establishing the cause of action on which the recovery was had was objected to, and admitted under the defendant's exception. The action was brought to foreclose a mechanic's lien for a balance alleged to be due to the plaintiff on a contract for plumbing work done in, and ma-

terials furnished for, a house being constructed for the defendant. The allegation of the complaint is that the contract was performed, and the right of recovery was based, altogether upon performance of that contract. There is nothing contained in the complaint of a waiver of substantial performance, nor of any modification of the contract, except as regards a stipulation for the procurement of the architect's certificate. The learned judge specifically found that the plaintiff, in the performance of his work, intentionally departed from the specifications in some material matters; that that was done with the consent of the architect; that the changes were mostly advantageous to the defendant; that those facts, however, would be no warrant for the plaintiff to depart from the contract, and the architect had no power to authorize or consent to the modification of the specifications. The learned judge found, however, that the plaintiff was orally authorized by the defendant to make such modifications as should be approved by the architect. There is no allegation in the complaint of the contract having been modified by the architect under authority emanating from the defendant or otherwise. The defendant had set up a counterclaim for the breach of the contract, and he proved, on cross-examination of the plaintiff, the omissions and changes in the work.

On the redirect examination, the plaintiff undertook to show the authority for the changes. The evidence upon which that authority was based was objected to as incompetent and inadmissible under the pleadings. The counsel for the defendant stated that "this complaint alleges absolute performance, and, as we understand, in an action of this kind, where performance under the contract is alleged, no defense tending to show excuse for nonperformance is admissible." The court thereupon said: "We will amend the pleading then, I think, if need be, to show the truth." Whereupon the objection was overruled, and defendant's counsel excepted. There was no amendment of the pleading made either on the trial or at any other stage. It has been frequently held that, where the objection is properly taken, a recovery such as has been allowed here cannot be sustained. A recovery may be had only secundum allegata et probata. La Chicotte v. Electric Co., 15 App. Div. 380, 44 N. Y. Supp. 75; McKnight Flintic Stone Co. v. City of New York, 21 App. Div. 474, 47 N. Y. Supp. 567; Beecher v. Schuback, 1 App. Div. 363, 37 N. Y. Supp. 325; Elting v. Dayton (Sup.) 17 N. Y. Supp. 849; Southwick v. Bank, 84 N. Y. 420. The rule is thoroughly understood. As was said in Elting v. Dayton, supra:

"An allegation in the complaint that the terms of the contract had been fully complied with does not authorize proof that it has not been complied with because of certain facts in respect to which no mention is made in the pleadings. The only issue tendered by a pleading containing this allegation is as to the completion of the contract, not to excuse nonperformance."

It is also well known that, under a plea of performance, evidence of prevention of performance or of waiver cannot be admitted. It is not a reply to this to say that a defendant is not injured when the whole facts of the case are before the court. We cannot say no injury accrued. It is true that, in an attempt to prove a counterclaim, it

would be competent for a plaintiff to show anything that would defeat that counterclaim, but that does not permit a plaintiff to recover affirmatively upon the evidence to defeat a counterclaim, as upon a cause of action entirely different from that on which he sued. As said by Judge Earl in Southwick v. Bank, supra:

"If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary. It is no answer to this objection that the defendant was probably not misled in its defense. A party may learn outside of the complaint what he is sued for, and thus may be ready to meet the plaintiff's claim upon the trial. When the plaintiff fails to establish the cause of action alleged, the defendant is not to be deprived of his objection to the recovery by any assumption or upon any speculation that he has not been injured."

The recovery was not justified by the pleadings, and the complaint was not amended. For that reason the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event, without prejudice to the right of the plaintiff to move to amend his complaint on such terms as may be proper. All concur, except O'BRIEN and McLAUGHLIN, JJ., dissenting.