(67 App. Div. 50.)

## GATLING v. CENTRAL SPAR VEREIN.

(Supreme Court, Appellate Division, First Department.   December 13, 1901.)

1. CONTRACT—PERFORMANCE—PLEADING.
    Where plaintiff alleged performance of a contract by which he was to procure a loan for defendant, to be secured by a mortgage on its property, he was not entitled to prove failure to complete performance by reason of defects in defendant's title to the property.

2. SAME—EVIDENCE—TITLE.
    Where plaintiff declared on a contract by which he was to be paid for securing a loan for defendant, to be secured by mortgage on its real property, and on the trial sought to show that full performance was prevented because defendant's title to the property was defective, evidence that two loan companies had refused the loan on account of such alleged defects, together with a mere allegation of a lis pendens, without showing that it was a cloud on the title when the loan was refused, was insufficient evidence to show defective title.

3. CONTRACT—BREACH—MEASURE OF DAMAGES.
    Where an agreement was made to pay plaintiff $800 if he secured a certain loan for defendant on its property, which sum was to cover all fees, lawyers' charges, disbursements, etc., it was error to grant a judgment for the full amount where performance was prevented by reason of defendant's defective title.

Appeal from trial term, New York county.

Action by Richard H. Gatling against Central Spar Verein.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Samuel P. Goldman, for appellant.
Charles Strauss, for respondent.

HATCH, J.   This action was brought to recover the sum of $800, with interest, for services which the plaintiff avers were rendered and performed by the defendant, at its request, in procuring a loan on certain premises owned by it.   The defendant is a domestic corporation, and it appears by the undisputed testimony that its president and attorney authorized the plaintiff, who is a real estate broker, to procure a loan upon the defendant's real estate mentioned in the complaint for the sum of $40,000 for five years at 4 per cent. per annum, for which the president of the defendant was to give his bond secured by a mortgage upon the premises. Plaintiff negotiated the loan with the Bank for Savings, and informed the officers and attorney of the defendant that he had secured an acceptance of the loan, and requested from them a written authorization to procure the loan, which was given him under the hand of the. president.   Upon receipt of this authority the plaintiff went to the Bank for Savings, and procured its written acceptance of the loan, which he delivered to the attorney for the defendant. Thereafter the Bank for Savings declined to consummate the loan on the alleged ground that the title of the defendant to the premises upon which it proposed to give the mortgage was not marketable, and at the request of the president and attorney of the defend-

ant the plaintiff sought elsewhere for the loan, and finally secured another written acceptance of the same from the East River Savings Institution, which he also placed in the hands of the representatives of the defendant; but this bank also declined to advance the money because of alleged defects in the defendant's title. The defendant resisted payment on the ground that the plaintiff had not performed his contract, because it never succeeded in placing the loan as a result of his efforts, and therefore the plaintiff had not earned his brokerage, as he had failed to procure a loan. It is conceded that each of the institutions which accepted this application for a loan at the instance of the plaintiff were financially able to make it, and otherwise entirely competent.

If the efforts of the plaintiff resulted in procuring a person or corporation who stood ready and willing to make the loan upon the terms proposed, and the consummation in procuring a delivery of the money was due to the act or misfortune of the defendant, and in no wise to a failure of the plaintiff to fulfill the terms of his contract, the latter became entitled to recover the amount of the commissions agreed to be paid for his services. Putzel v. Wilson (Sup.) 2 N. Y. Supp. 47; Crasto v. White, 52 Hun, 473, 5 N. Y. Supp. 718. It is conceded in the present case that the loan was not in fact made, and it is claimed upon the part of the plaintiff that such result was due entirely to the defendant's failure to give a good title to the premises which were to be the security for the loan, and but for such fact the money would have been advanced pursuant to the terms of plaintiff's contract with the defendant. Upon this subject the averment of the complaint is of performance by the plaintiff in procuring and obtaining a loan. There was no averment of the complaint showing excuse for nonperformance, or waiver, or other reason why the money was not paid over. Upon the trial plaintiff offered evidence tending to establish that the failure to procure the money was due to the inability of the defendant to show perfect title of the premises in it. Defendant objected to the testimony upon the ground that it was not admissible under the pleadings. The objection was overruled, and the defendant excepted.

It is well-settled law that a complaint which avers performance of a contract does not authorize proof showing an excuse or waiver of nonperformance. Schnaier v. Nathan, 31 App. Div. 225, 52 N. Y. Supp. 812; Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, affirmed on appeal 144 N. Y. 644, 39 N. E. 493; Bossert v. Poerschke, 51 App. Div. 381, 64 N. Y. Supp. 733. It follows, therefore, that the plaintiff, under his complaint, could only recover by showing actual performance of his contract; and testimony tending to establish that failure to perform was due to the act of the defendant was not admissible thereunder. We are also of opinion that there was no sufficient proof showing that defendant's title to the property was defective. The mere fact that title had been rejected by lawyers or title and guaranty companies did not have the effect of establishing that the title was defective as a matter of fact. Such testimony was mere hearsay. Even if evidence was admissible to show excuse for failure to perform the contract, nevertheless it was

incumbent upon the plaintiff to show by competent proof the infirmity in the title; and this could only be done by showing the specific facts evidencing the defect. There was no such evidence in this case. The nearest approach to it was a declaration of the existence of a lis pendens; but it was not made to appear when that was filed, or that it constituted any cloud upon the title at the time when the application for the loan had been favorably passed upon.

The court below construed the contract as authorizing a recovery for the full sum of $800, if the plaintiff was entitled to recover anything. Such, however, is not the language of the contract. The agreement was to pay $800, such sum to cover all fees, lawyers' charges, disbursements, stamps, etc. Some of these expenses could not.be incurred unless there was a fulfillment of the contract and payment over of the loan. It is evident, therefore, that the $800 does not measure the sum which the plaintiff would be entitled to recover, as the expenses, etc., not incurred, would necessarily be deducted from such sum.

For these reasons the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(67 App. Div. 37.)

McGRANE et al. v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, First Department. December 13, 1901.)

RAILROADS—ABUTTING OWNERS—DAMAGES—JUDGMENT—RES JUDICATA.

Where owners of property abutting on a street occupied by a railroad sue it for damages to the property by reason of the occupation, a judgment on the merits in defendant's favor is a bar to a second action, where the relative conditions of the parties remain unchanged, and there is only the continuing trespass by occupation; and it is immaterial that conditions and evidence change after the institution of the second action.

Ingraham and Patterson, JJ., dissenting.

Appeal from special term, New York county.

