McLAUGHLIN et al. v. WHITON.

(City Court of New York, General Term. January, 1902.)

BROKERS—LOANS—COMMISSIONS—PLEADING.

    A complaint alleging that defendant agreed to pay plaintiff's commissions on a loan "to be procured by them for her," and that they obtained a person ready and willing to make the loan, but the same was not made owing to defendant's inability to deliver a bond and mortgage because of incumbrances on her property, did not state a cause of action, as it did not allege that defendant was aware of the securing of the lender, or that the loan was actually secured.

    O'Dwyer, J., dissenting.

Appeal from special term.

Action by Arthur W. McLaughlin and others against Caroline W. Whiton. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before CONLAN, O'DWYER, and HASCALL, JJ.

R. Forsyth Little, Jr. (Louis C. Whiton, of counsel), for appellant. Chas. Putzel, for respondents.

HASCALL, J. The complaint alleges that defendant agreed to pay plaintiffs' commissions on a loan to be procured by them for her; that they obtained a person ready and willing to make the loan; that owing to defendant's inability to deliver a bond and mortgage because of incumbrances upon her premises, the same was not made; that plaintiffs did all in their power to bring about closing the loan, but failed because of the liens, etc., and that they have demanded payment of their claim. It will be observed that the contract alleged to have been made between the parties was, upon plaintiffs' part, to procure the loan; that they do not assert that the same was procured, but they produced a person "ready, prepared, and willing." Have the plaintiffs, upon these allegations, stated a good cause of action? Even if the rule were the same, concerning the right of the broker to recover commissions, with regard to a loan upon real estate or a contract of sale of the same, both unperformed, yet it must appear by allegation that defendant was notified or aware of the securing a purchaser or a lender, as the case may be (Lester v. Jewett, 11 N. Y. 456–459. And see opinion, Chambers v. Peters, 30 Misc. Rep. 757). The contract being to procure the loan, it should appear that it was actually secured. The right of action depending upon a condition precedent, performance should be averred. A mere offer to loan, considering all the contingencies incident thereto, does not satisfy the requirements upon the plaintiffs (Crasto v. White, 5 N. Y. Supp. 719, Van Brunt, P. J.), and the complaint is silent on the two points to which allusion is made. The lender at the last moment may arbitrarily refuse to advance his money. The plaintiff has not "procured" the loan. The vendor's refusal to complete a contract for sale will not defeat the broker's claim, other requisites being present. The case of Putzel v. Wilson (Sup.) 2 N. Y. Supp. 47, cited upon respondents' brief, does

not seem to present a contract precisely similar to the case at bar. In that it appears commissions were to be deducted from the loan. In that case no objection was made against the complaint because it did not state notification to defendant, but it appears the claim was upheld because of inability to present the securities. The conditions of the contract alleged in the case at bar were not satisfied by obtaining the consent of Mr. Phillips to make the loan; and his appearance at the office of counsel, ready to advance the money, will not avail, when defendant had no notice, and presumably was unaware, that the loan could be had. The assertion that defendant was unable to deliver her bond and mortgage is plaintiffs' conclusion, and the papers, of course, do not disclose the incidents of negotiation alluded to by counsel upon the argument. We conclude that the complaint, under the authorities above noted, is defective in vital particulars, and that, therefore, the demurrer thereto should have been sustained.

The judgment appealed from should be reversed, with costs of appeal, and the demurrer sustained, with costs, with leave to plaintiffs, upon payment of all costs accrued, to serve an amended complaint if they be so advised.

Judgment reversed, with costs of appeal, and demurrer sustained, with costs, with leave to plaintiffs, upon payment of all costs, to serve an amended complaint.

CONLAN, J., concurs.

O'DWYER, J. (dissenting). The complaint sufficiently states a cause of action for broker's commission under an agreement to procure a loan. The loan was not made because of the incumbrances and liens upon defendant's property, and the broker fully discharged the service he was employed to perform. The judgment appealed from should be affirmed, with costs.