### HESS et al. v. EGGERS.

(City Court of New York, General Term. February, 1902.)

**1. BROKERS—CONTRACT—COMPENSATION.**

An agreement to accept a loan on property and to pay a broker a commission, to be deducted from the proceeds of the loan on the day of closing, does not render the principal liable for the commission, where his title to the property is rejected by the attorneys for the lender and the loan is refused.

**2. SAME—TITLE—EVIDENCE.**

Where a broker's commission depended on the contingency of his procuring a loan for defendant, and he brings an action therefor on the ground that he procured a person able and willing to make the loan, but that defendant's title was rejected by the attorneys for the lender and the loan refused, the mere opinion of lawyers or title guaranty companies is not sufficient to prove that title was defective.

Appeal from trial term.

Action by Nathaniel J. Hess and another, administrators of Morris Hess, against George W. Eggers. From a judgment for defendant, and from an order denying a new trial, plaintiffs appeal. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Ritch, Woodford, Bovee & Wallace (C. N. Bovee, Jr., and Benj. A. Grosner, of counsel), for appellants.

Otis & Pressinger (A. Walker Otis, of counsel), for respondent.

CONLAN, J.   The action was originally commenced by Morris Hess, doing business under the firm name of M. & L. Hess.   Morris Hess died October 12, 1901, and the original action was revived and continued in the names of the plaintiffs as administrators.   The action was brought for services as broker, in procuring a loan from the Metropolitan Life Insurance Company.   The answer contained a general denial, and alleged as a separate defense that the plaintiff was not to receive compensation unless the loan was actually made.   The understanding between the parties was in writing, and to the following effect:   Defendant agreed to accept a loan on his property of $65,-000 from the Metropolitan Life Insurance Company, and to pay the plaintiff 2 per cent. commission, to be deducted from the loan on the day of closing.   The plaintiff notified defendant the following day that the company would make the loan, whereupon defendant made a formal application in writing, as required by the company, and placed his property with the attorneys for the company to examine the title.   Subsequently, the title was rejected by the attorneys making the search, and the company refused to make the loan.

It will be seen that the agreement between the parties was not the ordinary employment of a broker to procure a person able and willing to make the loan, on the terms prescribed by the owner, as in the Putzel Case, 49 Hun, 221, 2 N. Y. Supp. 47.   Here the defendant did not employ the plaintiff to procure a loan, but agreed that he would accept a loan from the company and pay 2 per cent. to the broker, as a commission, from the proceeds of the loan.   No loan was made, therefore the contingency upon which the plaintiff's commission depended did not happen.   This was not due to any refusal or inability on the part of the defendant.   An attempt was made on the trial to show that defendant's title was defective, but the evidence failed to establish the fact.   The mere opinion of lawyers or the title guaranty companies is not enough to establish defective title.   Gatling v. Central Spar Verein, 67 App. Div. 50, 73 N. Y. Supp. 496.

We do not find any errors or rulings prejudicial to the plaintiff committed on the trial.   The case was fairly submitted to the jury, and the verdict was a proper one and should stand.   Judgment and order appealed from affirmed, with costs.

Judgment and order affirmed, with costs.   All concur.