### SCHEURER et al. v. MONASH.

(Supreme Court, Appellate Term. March, 1902.)

VARIANCE—PERSONAL SERVICE—PARTIAL PERFORMANCE OF CONTRACT.

Under a counterclaim founded on an entire contract for a year's service and alleging performance, proof of performance to the extent of 10 months and a waiver of continued performance is a fatal variance.

Appeal from municipal court, borough of Manhattan.

Action by Nathan Scheurer and others against Morris L. Monash in which defendant filed a cross complaint. From a judgment in favor of defendant on his cross complaint, plaintiffs appeal. Reversed. See 71 N. Y. Supp. 818.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Jay C. Guggenheimer, for appellants.
Max D. Steuer, for respondent.

GIEGERICH, J. The counterclaim was founded upon an entire contract for a year's service, and proceeded upon allegations of performance. At the trial, the defendant moved to amend the answer by setting up a waiver of full performance, but, not being satisfied with the terms imposed for the amendment, he abandoned his motion, and proved performance only to the extent of 10 months, with a waiver by the plaintiffs of continued performance. Under the well-settled rule that an allegation of performance is not supported by proof of an excuse for nonperformance, the motion to dis-

miss the counterclaim for a variance between the pleadings and the proof should have been granted. Schnaier v. Nathan, 31 App. Div. 225, 52 N. Y. Supp. 812; Gatling v. Central Spar Verein, 67 App. Div. 50, 73 N. Y. Supp. 496. The plaintiffs' insistence that the trial be confined to the issues raised by the pleadings is disclosed by the objections taken to the admission of evidence of facts not within the counterclaim, as alleged, and for the error noted the judgment is well assailed. The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

Judgment reversed and new trial ordered, with costs to appellants to abide event. All concur.