### STONE v. GOODSTEIN.

(Supreme Court, Appellate Term. February 27, 1906.)

1. BROKERS—ACTION FOR COMMISSIONS—VARIANCE.

   Under a complaint alleging that plaintiff was employed by defendant to procure a loan on real estate, for which defendant promised to pay a certain sum on performance, plaintiff was not entitled to recover on proof that he obtained a person willing to make the loan, who refused to do so because of defects in the defendant's title to the property, which was to be mortgaged to secure the loan.

2. WORK AND LABOR—FULL PERFORMANCE PREVENTED.

   Where, in an action for commissions for procuring a loan for defendant, the complaint alleged full performance, plaintiff could not recover on a quantum meruit for services rendered, when the loan was not made because of defects in defendant's title to the premises to be mortgaged as security.

Appeal from City Court of New York, Trial Term.

Action by Samuel H. Stone against Isaac Goodstein. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed and remanded.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Julius H. Cohn, for appellant.
M. S. & I. S. Isaacs, for respondent.

SCOTT, P. J. We are of opinion that, under the authority of Gatling v. Central Spar Verein, 67 App. Div. 50, 73 N. Y. Supp. 496, this judgment must be reversed. That action, like the present, was for broker's commission in negotiating a loan which was not consummated owing to objections made by the intending lender to the marketability of the title to the property upon which a loan was sought. The complaint alleged employment of the broker to procure a loan, and averred performance on his part. The evidence showed that the broker found a person ready, willing, and able to make the loan, but that, owing to the objection to the title, the loan was never made. The Appellate Division held that if, under such an employment, the efforts of the plaintiff resulted in procuring a person who stood ready and willing to make the loan upon the terms proposed, and the consumma-

tion in procuring the delivery of the money was due to the act or misfortune of the employer, and in no wise to the failure of the broker to fulfill his contract, the latter became entitled to recover the amount of the commission agreed to be paid for his services. It was, however, held that in such a case a plaintiff could not recover under an allegation of full performance by showing that the completion of the loan failed because of a defect of title, or by reason of any fault or failure to comply with his contract on the part of the employer. In such case he should allege the fact of nonperformance, and the reason or excuse therefor. In the present case the plaintiff pleads generally that at the special instance of the defendant he rendered certain services to the defendant in relation to a loan on real estate, which services were of the reasonable value of, and for which he promised to pay the sum of, $385. This is clearly an allegation of a contract, either express or implied, and of performance thereof by the plaintiff. What the contract between the parties was appeared early in the course of the trial. It was in writing, signed by defendant, accepting the loan upon specified terms, and agreeing on behalf of defendant to furnish abstract of title, survey, and all necessary papers to close the title, and further to pay plaintiff $385 for procuring the loan. If this was the contract upon which plaintiff sues (and none other is proven), it is manifest that he did not fully perform it, for he did not obtain the loan, and therefore cannot recover upon a complaint alleging performance.

It is perhaps scarcely necessary to treat seriously the suggestion contained in plaintiff's brief that the judgment may be sustained on the theory that the plaintiff sues upon a quantum meruit for the value of the services he actually rendered. There is no evidence of any contract except to procure a loan, and no evidence of the value of any services short of actually procuring such loan. An examination of the record shows that there were at the time the loan finally fell through certain apparent and unexplained defects in the title, which might well have justified any careful conveyancer in hesitating to loan his client's money. These seem to have been susceptible of explanation, and were explained upon the trial. It was said in the Gatling Case, supra, that when an attempt was made to show an excuse for failure to fully perform the contract, it was incumbent upon the plaintiff to show, not merely that the title had been objected to, but that there were in fact specific defects justifying such objection. This we understand to apply to the condition of affairs when the negotiations for the loan fail. Of course, a lender cannot be expected to wait indefinitely, and if after a fair investigation he finds actual defects which the borrower can cure or overcome, but will not do so, the fault for the failure of the loan must be attributed to the borrower, and not to the lender or the broker.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

GREENBAUM, J., concurs; GIEGERICH, J., in the result.