## SMITH v. PEYROT.

(Supreme Court, Appellate Term. May 7, 1909.)

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Clement H. Smith against Louis A. Peyrot. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Langbein & Langbein (J. C. Julius Langbein, of counsel), for appellant.

R. S. Guernsey, for respondent.

PER CURIAM. Judgment affirmed, with costs.

DAYTON, J. (dissenting). The written contract signed by defendant unconditionally agreed to pay plaintiff a commission on his procur-

ing a loan of $10,000. It is conceded that the loan was obtained and the mortgage drawn. Plaintiff was in no wise responsible for the questioned lack of power in the executors to make the mortgage. If the contract was conditioned upon the acceptance and payment of the money to be loaned, if the plaintiff had undertaken to procure the loan upon the approval of title, a different contract would have been made.

Respondent argues that plaintiff was not restricted to obtain the loan from the title company, and that other parties should be sought by plaintiff, until one is found ready and willing to make the loan. The Lawyers' Title Insurance & Trust Company was ready, able, and willing to furnish the loan if, under the will, the executors had power to make the mortgage. That company, however, decided that the heirs of the testator were necessary as mortgagors, and on the failure of all the heirs to join declined to make the loan. The complaint avers full performance of the contract, and an excuse or cause for its nonperformance by defendant, to wit, defendant's "failure or misfortune to obtain one of the signatures required by the said Lawyers' Title Insurance & Trust Company of one of the heirs at law, * * * and which signature was necessary to make the title good and marketable, so that said loan could be consummated."

In Gatling v. Central Spar Verein, 67 App. Div. 50, 73 N. Y. Supp. 496, Hatch, J., writing for a unanimous court, says:

"If the efforts of the plaintiff resulted in procuring a person or corporation who stood ready and willing to make the loan upon the terms proposed, and the consummation in procuring a delivery of the money was due to the act or misfortune of the defendant, and in no wise a failure on the part of the plaintiff to fulfill the terms of his contract, the latter became entitled to recover the amount of the commissions agreed to be paid for his services"—citing cases.

Having procured the loan from a party financially able to make, but who refused it on grounds for which plaintiff was in no way responsible, he (plaintiff), having fully performed his part of the agreement, was not bound to seek the money elsewhere and is entitled to recover.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.