(143 App. Div. 99.)

HUDSON RIVER BLUE STONE CO. v. HUNTINGTON et al.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

1. MECHANICS' LIENS (§ 271*)—MATERIALMEN AND SUBCONTRACTORS—LIENS NOTWITHSTANDING PAYMENTS—COMPLAINT.

Under Lien Law (Consol. Laws, c. 33) § 7, providing that any payment by the owner to a contractor for improvement of realty, made prior to the time when, by the terms of the contract, such payment becomes due, "for the purpose of avoiding the provisions of this article," shall be of no effect as against the lien of a subcontractor, or materialman, under such contract, created before such payment actually becomes due, advance payments not being invalid unless made with the purpose to avoid the statute, and the burden of proving that such payments were made in bad faith being on the subcontractor or materialman, the fact of the payments having been so made must be alleged in the complaint.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 271.*]

2. MECHANICS' LIENS (§ 277*)—ACTION TO ENFORCE—PLEADING AND PROOF.

A materialman or subcontractor, seeking to enforce a mechanic's lien under a complaint alleging that the fund is due and available in the hands of the owner cannot, over objection, prove that, though the fund had actually been paid out, it had been paid in advance and in bad faith, whereby he was entitled to a lien under Lien Law (Consol. Laws, c. 33) § 7.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 277.*]

3. MECHANICS' LIENS (§ 115*)—MATERIALMEN AND SUBCONTRACTORS—BAD-FAITH ADVANCE PAYMENTS.

Even if, as to a materialman of a subcontractor, the contractor occupies the relation of the owner, under Lien Law (Consol. Laws, c. 33) § 7, providing that any payment by the owner to a contractor for improve-

ment of realty, made prior to the time when, by the terms of the contract, such payment becomes due, for the purpose of avoiding the provisions of this article, shall be of no effect as against the lien of a subcontractor, or materialman, under such contract, created before such payment actually becomes due, so as to entitle the materialman of the subcontractor to a lien as against the contractor, where the contractor in bad faith paid the subcontractor prior to the time provided by the subcontractor, it is not such a bad-faith payment, where the contractor, merely knowing in a general way that the subcontractor was not paying some of his bills promptly, but not knowing that he was purchasing materials from the particular materialman, or that he was insolvent, made advance payments to him merely to enable him to perform his work.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 150–159; Dec. Dig. § 115.*]

Appeal from Special Term, Dutchess County.

Action by the Hudson River Blue Stone Company against Robert P. Huntington and others. From a judgment adjudging a valid lien in behalf of plaintiff and of defendant John D. Lown, defendants Leonard Jacob, Jr., and another appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, BURR, CARR, WOODWARD, and RICH, JJ.

Frederick Hulse, for appellants.
H. H. Flemming, for respondent Hudson River Blue Stone Co.
Martin Heermance, for respondent Lown.

WOODWARD, J. The defendant Huntington, as the owner of certain premises at Staatsburg, Dutchess county, entered into a contract with Jacob & Youngs for the erection of a dwelling house upon the property, for an agreed consideration of $81,000. Jacob & Youngs sublet a part of the contract to William Fitzpatrick, for which the latter was to receive $21,000, with such additional sums as should be agreed upon in writing for extra work. The plaintiff, with one Lown and others, filed mechanics' liens; but only the liens of the plaintiff and Lown were established by the judgment now before us. The plaintiff, on the trial, did not put in evidence a copy of the notice of lien; but we do not care to dispose of the questions raised by this appeal upon a mere technical defect. Plaintiff's counsel stated in court that the lien was filed, and this was not questioned, so we will assume that this fact is established. The defendant Huntington admits that he holds a sum sufficient to cover the claims involved in this proceeding, which he is willing to pay over on the order of the court, so that the only questions to be determined arise between the general contractors, Jacob & Youngs, and their materialmen.

The plaintiff's complaint alleges on information and belief that:

"Thereafter the said defendant subcontractor, William Fitzpatrick, duly performed all of the conditions of said contract on his part, and so far completed the same as to become entitled, and he was entitled at the time of the filing of the notice of claim by the plaintiff herein and prior to the commencement of this action, to receive thereon a sum in excess of the amount of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff's claim herein and hereafter set forth, and that said sum is appli cable to the payment of plaintiff's lien."

Obviously, if the facts as alleged in this portion of the complaint are true, and the other necessary facts are not questioned, the plaintiff would be entitled to foreclose its lien, and to have the judgment which has been granted. The difficulty with the case is that it distinctly appeared upon the trial of the action that the contractors, Jacob & Youngs, had overpaid Fitzpatrick to the extent of $682.73, and that this had been done before any of the liens were filed. Notwithstanding that the pleadings alleged that this sum was due Fitzpatrick and available for the payment, and that the pleadings were not amended, and all evidence tending in any manner to prove matters outside of the pleadings was objected to on the part of the defendants Jacob & Youngs, the learned trial court admitted testimony tending to show that the contractors made these payments to Fitzpatrick knowing that he owed for materials, and with this evidence in the case, over the objections and exceptions of the defendant contractors, the learned trial court charged them with responsibility for 15 per cent. of the original contract price of the work, the amount permitted to be retained under the contract, and gave judgment in favor of the lienors to this extent. Jacob & Youngs appeal from the judgment.

Section 7 of article 2 of the lien law (Consol. Laws, c. 33) provides that:

"Any payment by the owner to a contractor upon a contract for the improvement of real property, made prior to the time when, by the terms of the contract, such payment becomes due, for the purpose of avoiding the provisions of this article, shall be of no effect as against the lien of a subcontractor, laborer or materialman under such contract, created before such payment actually becomes due."

Under this provision, the learned court below has determined that the contractors occupy the relation of an owner to the materialmen, and that the contractors, in making advance payments, knowing in a general way that the subcontractor had not paid his bills, have made these payments "for the purpose of avoiding the provisions of this article," or at least this is the effect of the judgment.

We are clearly of the opinion that the learned court has erred in this disposition of the case. Advance payments by an owner to a contractor are not invalid unless they have been made with the purpose to avoid the statute (Tommasi v. Archibald, 114 App. Div. 838, 100 N. Y. Supp. 367), and the burden of proving that such payments were made in bad faith is on the subcontractor or materialman (Behrer v. McMillan, 114 App. Div. 450, 100 N. Y. Supp. 35). If the burden is upon the subcontractor or materialman to prove that the payments are made in bad faith, or, in the language of the statute, "for the purpose of avoiding the provisions of this article," then that is a fact which must be alleged in the complaint; that is a necessary part of the cause of action, for, unless the advance payments are made "for the purpose of avoiding the provisions of this article," there is no cause of action whatever. If it were not for the statute, every payment, no matter what the purpose, would be good. At common law every man has a right to pay his obligations in advance, or at any time mutually agree-

able to himself and his debtor, and this rule has been changed only to the extent that advance payments shall not be made for the purpose of avoiding the provisions of the lien law, and it is for the plaintiff to allege and prove this fact if he would avoid advance payments and convert the fund to his own purposes. Certainly, under a complaint which alleges that the fund is due and available in the hands of the owner or general contractor, it cannot be proved, over objection and exception, that the debt, though actually discharged, has been discharged for the purpose of defeating the statute (Gatling v. Central Spar Verein, 67 App. Div. 50, 52, 73 N. Y. Supp. 496, and authorities there cited), and that is exactly what has been attempted in the case now before us. If a man is to be convicted of an effort to defeat the statute, he has a right to notice of that fact in the pleadings. It cannot be averred that the conditions exist which entitle him to a foreclosure of the lien, under one view, and then prove that the facts are different, and that he is entitled to the lien because the defendant has been guilty of a fraudulent effort to get away from the operation of the statute.

Assuming, however, that, if the evidence was in the case which justified finding that the effort had been made to defeat the statute, the court might disregard the pleadings, the facts in this case do not justify the judgment rendered. The most that could be shown in this case was that the contractors knew in a general way that the subcontractor was not paying some of his bills promptly, and that at times the contractors had made inquiries of certain creditors about their bills. There was absolutely no evidence that the contractors knew, or had reason to believe, that Fitzpatrick was insolvent; there was nothing to show that they knew even that Fitzpatrick was purchasing materials from the plaintiff until the 7th day of August, 10 days before the filing of the notice of lien, at which time all but $300 of the payments had been made to Fitzpatrick. There was no evidence which warranted any other conclusion than that the contractors had paid Fitzpatrick moneys for the purpose of aiding him in performing his work, in absolute good faith, and under such circumstances there is no law which would charge them with a repayment.

Mr. Lown is, by his answer, in the same situation as the plaintiff, and his case must follow that of the plaintiff.

The parties are entitled to a fair trial of the questions involved in this case, upon proper pleadings, and the judgment should be reversed, and a new trial granted; costs to abide the final award of costs.

HIRSCHBERG, CARR, and RICH, JJ., concur. BURR, J., concurs on first ground stated in opinion.