RETAILERS' REPORTING SERVICE v. TANZER–MONJO CO.

(Supreme Court, Appellate Term. May 9, 1912.)

CONTRACTS (§ 346*)—ACTION FOR BREACH—PROOF AS TO WAIVER.

In an action on a written contract, where defendant contends that a certain provision was not carried out by plaintiff, the latter cannot prove a waiver of performance unless it pleads such waiver.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Retailers' Reporting Service against the Tanzer-Monjo Company. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, after a trial before the court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Raphael Link, of New York City, for appellant.
Louis Alexander, of New York City, for respondent.

GERARD, J.   The plaintiff seeks to recover on a written contract as follows:

Retailers' Reporting Service, Masonic Bldg., New York City, 24th St. & 6th Ave.   Tel. 4774 Gramercy.

Aug. 19, 1911.

Gentlemen: Make up with your service one report for us once a month regularly, for (2) consecutive months, beginning September, for which we agree to pay you $30. immediately after publication of each report.   We have the privilege of furnishing new copy for each report if we so desire.   Otherwise you are not to change copy for subsequent reports.   All drawings and electrotypes to be made at the expense of Retailers' Reporting Service.   It is agreed that you are not responsible for any statements or conditions not expressed in this order.

We accept the above offer.

Tanzer-Monjo Co., by Albert Tanzer, Pres.

Retailers' Reporting Service,
    E 2/   J. Moss, Agent.

It is agreed that the Retailers' Reporting Service will furnish a card of introduction to their merchandise manager, Mr. Frederick Atkins, 31 Union Square.   Retailers' Reporting Service have the privilege of canceling this contract if the merchandise is not passed by Mr. Frederick Atkins, as being good value.                                                   9 W. 20th.

Plaintiff alleged that it has complied with all the terms and conditions of the above contract.   At the trial the defendant proved that the plaintiff did not furnish to defendant a card of introduction to Mr. Frederick Atkins (a resident buyer), as provided in the contract. Plaintiff gave evidence tending to show that, after the contract was entered into, the defendant learned that Atkins was not plaintiff's merchandise manager, and, nevertheless, advised the plaintiff, through defendant's duly authorized agent, to go ahead with the contract.

It is claimed by plaintiff that this was a waiver of the provision of the contract that the defendant was to receive a card of introduction to Mr. Frederick Atkins.   But, if this was a waiver, it was not pleaded.   A waiver of performance must be pleaded.   Williams v. Fire Association, 119 App. Div. 573, 104 N. Y. Supp. 100; also see La Chicotte v. Richmond Company, 15 App. Div. 380, 44 N. Y. Supp. 45; Schnaier v. Nathan, 31 App. Div. 225, 52 N. Y. Supp. 812.   While great liberality is allowed in the Municipal Court in matters of pleading, the defendant here was called to meet a different issue than that presented by the pleadings.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.