Nathan Jankowitz, Respondent, v. Manhattan Swiss Embroidery Co., Inc., Appellant.

First Department, April 1, 1921.

Contracts — action to recover amount due under building contract — complaint alleging full performance — recovery cannot be had on theory that procuring certificate of engineer was waived — erroneous charge as to waiver of partial failure to perform.

In an action to recover the contract price for making alterations in a building which is based upon allegations of complete performance by the plaintiff, a recovery cannot be had unless the plaintiff establishes such performance.

One of the conditions of the contract being that payment should be made only upon the certificates of the engineer, it was essential to plaintiff's recovery that he show that said certificates were procured, and he could not recover on the theory that the defendant waived the procuring of the certificates.

Charge of the court which allowed the jury to render a verdict for the plaintiff if they found that partial failure to perform had been excused or waived, was erroneous.

APPEAL by the defendant, Manhattan Swiss Embroidery Co., Inc., from a determination and order of the Appellate Term of the Supreme Court, First Judicial Department, entered in the office of the clerk of the county of New York on the 4th day of November, 1920, affirming a judgment of the City Court of the City of New York in favor of the plaintiff, and also affirming an order of said court denying defendant's motion for a new trial.

*S. Goodelman* [*Frank Walling* of counsel], for the appellant.

*Joel Krone,* for the respondent.

DOWLING, J.:

The plaintiff's complaint sets forth two causes of action. The first is that plaintiff entered into an agreement with defendant by which the former was to make certain alterations for the erection of a balcony and repairs in a certain building in the borough of The Bronx, city of New York, and to furnish all materials and to perform all the labor according to drawings and specifications in said contract mentioned, for which the defendant promised and agreed to pay to plaintiff the sum of $2,650, which was the fair and reasonable value thereof. The complaint then sets forth:

"*Third.* That the plaintiff duly performed for the defendant the aforementioned work, labor and services and furnished the materials as provided for in said contract and duly performed all the conditions of said contract on his part to be performed, which was satisfactory to the defendant and accepted by it."

It is further alleged that the sum of $1,087 and no more has been paid on account of said contract price, leaving a balance of $1,572 and interest. The second cause of action is based

upon the same agreement and sets forth in paragraph " eighth " thereof: " That the plaintiff duly performed all the covenants and conditions of said contract on his part to be performed." It is also alleged that by reason of the agreement plaintiff, in addition to the price agreed to be paid him, became entitled to all materials removed by reason of the alterations and repairs, included in which were a wash basin with fittings, and certain old lumber, of which the defendant, in violation of plaintiff's rights, took possession and has refused to return same to plaintiff, to his damage in the sum of $55. The answer of defendant admitted the making of the agreement but as to the first cause of action denied that plaintiff had duly performed the same or that the work was done satisfactorily or accepted by the defendant. It also denies that the balance of $1,572 was due and owing. As to the second cause of action, it specifically denied that plaintiff had duly performed the covenants and conditions on his part to be performed, admitted that plaintiff became entitled under the agreement to certain old lumber, admitted that it removed certain material, but denied the other allegations of the second cause of action. Upon the trial plaintiff offered in evidence the agreement between the parties, which was the uniform architect's contract, and which provided that the work included in the contract was to be done under the direction of Saul Bernstein, civil engineer, and that his decision as to the true construction and meaning of the drawings and specifications should be final. The contract price was $2,650 and it was provided " that such sum shall be paid by the Owner to the Contractor, in current funds, and only upon certificates of the Civil Engineer, as follows:

" One Thousand ($1,000) dollars upon completion of superstructure.

" Eight Hundred ($800) dollars when the work included in this contract is completed in accordance with the plans and specifications.

" The balance of Eight Hundred Fifty ($850) dollars after the completion of the work included in this contract, and all payments shall be due when certificates for the same are issued."

The plaintiff did not attempt to show compliance with this

agreement by the production of any certificate of the engineer as required by the agreement. On the contrary, he sought to introduce evidence excusing the non-production of the certificates and establishing that the work had in fact been satisfactorily done and that the engineer had expressed satisfaction therewith. Proper objections and exceptions were taken by the defendant at every point where this testimony was offered and the attention of the court was specifically called to the fact that no allegation of an unreasonable refusal to give certificates by the engineer had been pleaded, but that the complaint set forth due performance of all the conditions of the contract on the part of the plaintiff to be performed, which necessarily included the production of the certificate of the engineer, made a prerequisite for payment under the contract. Despite the fact that the defendant upon every suitable occasion urged his objection to this line of testimony upon the attention of the court, as well as the fact that the evidence sought to be adduced was not within the issues tendered by the pleadings, the testimony was received and no motion was ever made to amend the complaint or to conform the pleadings to the proof. A motion to dismiss was made at the close of the plaintiff's case upon the specific ground that plaintiff had failed to establish a cause of action, as his complaint was based upon due performance and concededly the engineer's certificate had not been obtained. A motion was made at that time to strike out the testimony of the witnesses (which had already been objected to) tending to excuse performance of the contract in respect to the obtaining of the certificate, which motion was denied. In every possible way the defendant called to the court's notice the variance between the pleading and the proof, and the fact that the allegation of due performance had not been sustained and that the claim of the waiver of production of the certificate, or of an excuse for the failure to produce it, had not been pleaded. In his charge to the jury, the learned trial court said that the clause requiring the production of the certificate of the engineer made it the plaintiff's duty to produce such certificate unless the jury found from the evidence that the certificate had been unreasonably withheld from him by the engineer. He then continued: " In other words, it is for you to say from the evidence

that has been produced in this case, number one, has the plaintiff complied with the terms of his contract; has he performed his contract? If you find that he has, then you have got to find the further fact from the evidence that the certificate which he was obligated to produce to the defendant before he could demand payment was unreasonably withheld from him by the architect." And on this question of an unreasonable refusal by the engineer to give the certificate, the court charged: " If you find the plaintiff's version is the correct one, your verdict should be for the plaintiff for such an amount as the contract calls for, if you find that the contract was fully performed."

The complaint being based upon allegations of complete performance by the plaintiff, he could not recover unless his proof established those allegations. Concededly he never obtained the certificates which he was required to obtain before he would become entitled to payment under the agreement. Therefore, his remedy if any was to be had upon the basis of suitable allegations in his complaint, in which he could set forth the performance of the work under the agreement and the due performance of the same on his part, save for the production of the certificates of the engineer and as to those he should have pleaded the facts excusing their non-production. In *Weeks* v. *O'Brien* (141 N. Y. 199, 202), the court said: " By the true construction of the building contract, the procuring by the plaintiff of the certificate of the architect that the building had been completed, was a condition precedent to his right to recover under the contract the last installment of $6,158, for which this action is brought. To meet this condition and to show a right of action, it should have been averred in the complaint, either generally or specially, that the conditions precedent had been performed, or if the plaintiff relied upon a matter excusing him from procuring this certificate, *the facts should have been stated.*"

In *Stern* v. *McKee* (70 App. Div. 142) the court said (at p. 145): " Plaintiff having pleaded full performance of the contract could not recover without establishing that fact. This he did not do, and, therefore, the motion of the defendants at the close of the trial to dismiss the complaint on that ground should have been granted." And at page 146:

" The plaintiff, therefore, having alleged performance, was bound to establish that fact, and failing to do so, no recovery could be had. (*La Chicotte* v. *Richmond R. & El. Co.*, 15 App. Div. 380; *Schnaier* v. *Nathan*, 31 id. 225; *McEntyre* v. *Tucker*, 36 id. 53; *Cox* v. *Halloran*, 64 id. 550.)   But in this connection it is suggested that the recovery can be upheld upon the theory that Shainwald was excused from full performance by reason of the defendants' refusal to proceed.   This cannot be done for the reason that there are no appropriate allegations in the complaint which would permit a recovery upon that ground.   The plaintiff having predicated his right to recover on the breach of the agreement, was bound to allege and prove performance on the part of his assignor, or an excuse for non-performance, and if an excuse were relied upon, then he was bound to allege facts constituting such excuse, and, in addition thereto, that he was at that time ready and had the ability to perform, and would have done so except for the acts of the other parties to the contract."   The respondent herein seeks to sustain this recovery upon the authority of *Smith* v. *Wetmore* (167 N. Y. 234), but this court in *Tribune Assn.* v. *Eisner & Mendelson Co.* (70 App. Div. 172) passed upon this contention, and Mr. Justice LAUGHLIN said therein (at p. 173): The contention of the plaintiff is that it was ready and willing to perform, but that the defendant failed to furnish the advertising matter with which it could perform, and its counsel cites the case of *Smith* v. *Wetmore* (167 N. Y. 234) to sustain this proposition.   In that case the evidence showing performance on the part of the plaintiff was received without objection, and the complaint was for that reason amended on appeal to conform to the proof, and we think the rule stated by the court, that ' when performance of a contract is alleged by the plaintiff and denied by the defendant, it is competent for the plaintiff to prove that the defendant would not allow him to perform, or repudiated the contract, or had committed a breach of it himself by hindering performance, or refusing to abide by its obligations,' does not apply in this case. Here the defendant did not repudiate the contract.   It merely failed to call upon the plaintiff to perform, and the plaintiff made no request for performance on the part of the defendant. We think this case is governed rather by the doctrine now

firmly established that under a complaint for full performance of a contract, proof of matters excusing or waiving performance is not admissible, and recovery may not be had upon that theory. (*Gatling* v. *Central Spar Verein,* 67 App. Div. 50; 73 N. Y. Supp. 496; *Fox* v. *Davidson,* 36 App. Div. 159; 55 N. Y. Supp. 524; *La Chicotte* v. *Richmond R. & El. Co.,* 15 App. Div. 380; 44 N. Y. Supp. 75; *Weeks* v. *O'Brien,* 141 N. Y. 199; 36 N. E. Rep. 185.) " In the case at bar the testimony received on behalf of the plaintiff, excusing non-performance, was all received over the defendant's objections and exceptions, which repeatedly called attention to the variance between the pleading and the proof, and no motion was ever made to conform the pleadings to the proof. Furthermore, the case was submitted to the jury on an erroneous charge, which allowed them to render a verdict for the plaintiff in an action based solely upon full performance of a contract, if they found that partial failure to perform had been excused or waived. The determination of the Appellate Term and the judgment and order of the City Court must, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event. While ordinarily the conclusion reached by us would lead to the dismissal of the complaint, which should have been done upon defendant's motion at the close of the plaintiff's case, still upon this record we are satisfied that the ends of justice require that a new trial should be granted, in order that plaintiff may move to amend his complaint and be in a position to properly present his case for determination anew.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Determination appealed from and judgment and order of the City Court reversed and a new trial ordered, with costs in all courts to abide the event.