FRANK ZAMBETTI and Another, Respondents, *v.* SAMUEL B. STEIN-METZ and Another, Appellants.

First Department, May 18, 1923.

Liens — mechanics' liens — foreclosure — counterclaim for damages based on use of improper material and poor workmanship — burden is on plaintiff to show due performance or legal excuse for non-performance — setting up counterclaim did not shift burden.

In an action to foreclose a mechanic's lien for labor performed and materials furnished the burden is upon the plaintiffs to show that they had duly performed the contract on their part or that such performance had been excused, and as a part of that burden they are bound to show that they used proper materials and executed the contract in a workmanlike manner, and the fact that the defendants set up a counterclaim based on a failure to use proper materials in a workmanlike manner does not shift the burden of proof.

APPEAL by the defendants, Samuel B. Steinmetz and another, from a judgment of the County Court of the county of Bronx in favor of the plaintiffs, entered in the office of the clerk of said county on the 27th day of September, 1922, upon the decision of the court rendered after a trial before the court without a jury.

*Baker & Obermeier* [*Joseph J. Baker* of counsel], for the appellants.

*Knox & Deignan* [*Thomas C. Larkin* of counsel], for the respondents.

FINCH, J.:

The action was brought to foreclose a mechanic's lien for labor performed and materials furnished in connection with the erection of a new building, pursuant to a written contract. The defendants set up a counterclaim for damages due to improper material and defective workmanship. The trial court said: " It is alleged, and proof is offered to show, on behalf of the defendants, that by reason of latent defects resulting from lack of proper material and occasioned by poor workmanship, the plaster on many of the ceilings in the house fell within two or three weeks after the plaintiffs had completed it." Plaintiffs recovered a verdict. Defendants allege errors at the trial, hence this appeal.

The record discloses that the verdict is against the evidence and the weight thereof. In addition, the plaintiffs, in order to recover the contract price, would have to show that they had duly performed that part of the contract on their part to be performed, or that such performance, for some adequate reason, had been excused. The fact that the defendants set up a counterclaim for damages due to improper materials and defective workmanship would not change the burden of proof on the part of the plaintiffs, namely, to show by a fair preponderance of the credible evidence in the case that they had duly performed, so as to establish a cause of action. The opinion of the court shows, however, that there was a misapprehension as to the rule regarding the burden of proof, the court in effect treating this as analogous to a breach of warranty in a sale of goods, and in effect holding the burden to be on the defendants to establish improper materials and defective workmanship, the court in its written opinion saying: " * * * The counterclaim is founded upon the theory of a breach of the implied warranty by the contractor, and the burden of proof to show this breach and to establish the hidden defects is upon the defendants. The defendants argue and offer proof upon the question of faulty material and improper workmanship on this issue. The plaintiffs argue and offer proof that the plastering upon the ceilings fell because the defendants did not give time for the plaster to season and harden before the installation of the steam fitting and doing other work, which so jarred the ceilings that even though the plastering had been properly done and sufficient material had been used, it would fall. The court is not, at this time, convinced as to the cause of the falling of the plaster, and holds and decides

that there is no preponderance of evidence to sustain the theory that it fell through faulty workmanship and improper material, over the theory that it fell as the result of the jars and the too immediate use of the building for the purpose of completion."

In other words, the court found that the plaintiffs had not established, by a fair preponderance of the credible evidence in the case, that the ceiling was properly constructed, as the plaintiffs were under contract to do and must show, in order to establish the cause of action. (*Spence* v. *Ham*, 163 N. Y. 220; *Jankowitz* v. *Manhattan Swiss Embroidery Co., Inc.*, 196 App. Div. 22.)

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event. Settle order on notice.