FRANK P. CRASTO, APPELLANT, *v.* RICHARD WHITE, RESPONDENT.

*Defense — when it distinctly refers to a particular cause of action under section 507 of the Code of Civil Procedure — complaint for services in procuring a loan, when sufficient — distinction between a contract to procure a loan upon, and to secure a purchaser of, real property — form of interlocutory judgment — Code of Civil Procedure, sec. 3228.*

Where a separate defense in an answer contains allegations and denials, which can by no possibility refer to any other than a particular cause of action set out in the complaint, the defense distinctly refers, within the meaning of section 507 of the Code of Civil Procedure, to that cause of action.

A complaint for services rendered, in procuring a loan for defendant upon the security of his real estate, which alleges that the plaintiff was employed to procure a loan upon defendant's property, that he secured an offer from a company to loan the sum required, which offer was accepted, is not sufficient to justify a recovery.

There is a distinction between a contract to procure a loan upon, and a contract to secure a purchaser of, real property, which exists in the fact that if the purchaser, after contract signed, improperly refuses to take the property, he can be compelled to complete his contract, whereas there is no way in which a party can compel another to make a loan.

A defendant, who succeeds as to any of the causes of action set forth in the com-
plaint, is entitled, under section 3228 of the Code of Civil Procedure, to costs, as
against the plaintiff, and an interlocutory judgment directing a judgment for
the defendant on the cause of action as to which he succeeds, so that upon the
entry of the final judgment in the action he will be entitled to recover costs as
to that cause of action, is proper.

APPEAL by the plaintiff from an interlocutory judgment over-
ruling the plaintiff's demurrer interposed to the fourth defense set
forth in defendant's amended answer, entered in the office of the
clerk of the county of New York January 26, 1889, and, also, from
the order directing the entry of said judgment.

The action was brought to recover for services rendered in pro-
curing a loan upon and in perfecting defendant's title to certain real
property.

The fourth defense, which was demurred to, was as follows: And
for a further and fourth defense, defendant says he employed
plaintiff and his firm to procure a loan for defendant on the lots
mentioned in the said complaint, and the houses thereon, of $32,000,
at interest of five per cent per annum, and plaintiff and his firm
agreed to procure such loan for defendant. That defendant agreed,
when such loan was so procured, defendant would pay them the
legal brokerage therefor; and he further agreed that he owned said
lots in fee simple, and that upon procuring such loan he would, to
secure the payment thereof and interest, give his bond and mortgage
the same to the lender of that sum by a fee simple mortgage of said
lots, free from all incumbrances, executed by himself and wife, and
that defendant never made any other agreement with plaintiff or
his firm, and defendant says he performed his part of said agreement
and that plaintiff and his firm never performed his or their said
agreement; that they never procured any loan on said lots for
defendant whatever; that the United States Life Insurance Com-
pany of the City of New York refused to make any loan on said
lots whatever, although the defendant offered to give it his bond to
secure the repayment of that sum of $32,000 and interest, and his
and his wife's mortgage in fee simple of said lots, free of all incum-
brances, further to secure the payment of that sum and interest;
and defendant says that when he made said agreement, and ever
since, he owned and now owns said lots in fee simple; and this

defendant for a fifth defense, further answering, denies all the allegations and statements of the said complaint set forth in the second cause of action and containing five sections or paragraphs.

*W. E. Benjamin*, for the appellant.

*Leopold Sandheim*, for the respondent.

VAN BRUNT, P. J. :

The plaintiff, in his complaint, sets up two causes of action: First. For services in procuring a loan for defendant upon his real estate; and, second, for services in endeavoring to perfect defendant's title to the lots in question. The defendant put in an answer by which he denied various allegations contained in the complaint as to the first cause of action, and, for a further and fourth defense, alleged the employment of the plaintiff and his firm to procure a loan for the defendant upon certain premises owned by him, for the procurement of which the defendant agreed to pay him the legal brokerage. In this defense it is alleged that the defendant performed his part of said agreement, and that the plaintiff and his firm never performed their part; that they never procured the loan although the defendant offered to give his bond to secure the payment of the sum to be loaned, and also a mortgage in fee simple upon the premises mentioned, which were free from all incumbrances, and which he owned and now owns in fee simple.

The principal ground relied upon to sustain the demurrer to this defense is that it is not good as a defense to both causes of action set up in the complaint, and that it does not distinctly refer to the first cause of action as required by section 507 of the Code of Civil Procedure. That section provides that a defendant may set forth in his answer as many defenses or counter-claims, or both, as he has, whether they are such as were formerly denominated legal or equitable. Each defense or counter-claim must be separately stated and numbered; and, unless it is interposed as an answer to the entire complaint, it must distinctly refer to the cause of action which it is intended to answer.

It is claimed, because it is not stated to be a defense to the first cause of action upon the face of the defense itself, that, therefore, it is bad. We fail to find any such provision contained in the section which has been cited. We suppose that where a separate defense

containing allegations and denials, which can under no possibility refer to any but a particular cause of action set out in the complaint, they distinctly refer to that cause of action and cannot refer to another. This is the condition of the allegations contained in the fourth defense. They can only apply to the first cause of action, and none other. They are utterly foreign to, and have nothing to do with, the second cause of action; and if an allegation or denial can only refer to a particular cause of action in the complaint, we see no reason for saying that the Code is not complied with. If it can by no possibility refer to but one cause of action, it is difficult to see how it could more distinctly refer to the cause of action which it was intended to answer where more than one is set out in the complaint. But there may be urged another objection to the demurrer, namely, that the plaintiff does not state any cause of action in his so-called first cause of action, and this is apparent upon the face of the pleadings. The plaintiff alleges that he and his firm were employed to procure a loan upon the defendant's property, but he nowhere alleges that such loan was ever procured. He alleges that he had secured an offer from the United States Life Insurance Company, to loan that sum, which offer was accepted. But that is not the contract which he was employed to perform. His employment was to procure a loan, and the procurement and acceptance of the offer was but one of the steps toward the procuring of the loan; and if, without any fault upon the defendant's part, the loan was not secured in pursuance of that offer, it is clear that the contract has not been complied with. As has been already stated, there is not a single allegation contained in the first cause of action that there has been a compliance with the contract.

The learned counsel seems to assume that it is well-settled law that where a man performs half of his contract he is entitled to recover compensation for the whole. We do not understand this to be the law, as applicable to the right to recover upon such a contract. He has been probably led astray by being unable to distinguish between a contract to procure a loan and a contract to procure a purchaser, where the purchaser does not subsequently take for some reason. When a broker is employed to procure a purchaser, when he presents to the other a person who is able and willing to contract for the purchase of the property, his duties are

fulfilled ; and if the party refuses to accept, or after contract signed the purchaser improperly refuses to take, it does not affect the right of the broker to his compensation. There his contract was to procure a purchaser able and willing to purchase, and when he presents him his commissions are earned. In the case at bar the contract was to procure a loan, not to procure somebody who said he was willing to make a loan and then refuses to carry out his promise; that was not the contract. The contract was to procure a loan ; and if, without any fault upon the part of the defendant, the party who had offered to make the loan refuses to do so, the contract is not fulfilled. There is no way in which a party can compel another to make a loan, the case being entirely different from that of a purchaser of real estate who could be compelled to complete.

The claim that the interlocutory judgment should be reversed as erroneous in directing final judgment for the defendant on the fourth defense is not well founded. If the defendant succeeded as to any of the causes of action set forth in the complaint, he was, by section 3228 of the Code, entitled to costs as against the plaintiff. And, consequently, if the plaintiff did not avail himself of the leave to withdraw his demurrer and pay the costs thereof, the defendant was, by the provisions of the Code, entitled, upon the entry of the final judgment in the action, to costs as to this cause of action, and this is all that the interlocutory judgment gives him. This judgment could not probably be finally entered until the issues as to the other cause of action were tried, but it was entirely correct to give the direction for its entry so that it might be entered when the proper time arrived. The express provision of the interlocutory judgment is that the defendant have judgment upon the demurrer which simply affected the first cause of action, and that was all that was intended to be covered by the judgment in question.

The judgment and order appealed from should be affirmed, with costs, and with leave to the plaintiff to withdraw the demurrer upon payment of the costs below and of this appeal.

BARTLETT, J., concurred.

Judgment and order appealed from affirmed, with costs, and with leave to the plaintiff to withdraw the demurrer upon payment of the costs below and of this appeal.