EMMETT HOWD, Appellant, *v.* SARAH E. COLE and JOHN A. COLE, her Husband, Respondents, Impleaded with Others.

*Pleading — partial defense — Code of Civil Procedure,* § 508.

A reasonable construction of section 508 of the Code of Civil Procedure, which provides that "A partial defense may be set forth as prescribed in the last section, but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth," does not require the pleader in every case to use the words "partial defense," where the answer sets up a defense that appears clearly on its face to be such.

Where it is entirely clear that the portion of an answer demurred to on the ground that it is not therein alleged to be a "partial defense" was intended to be alleged as a partial defense, and the relief claimed by the answer is only consistent with such a defense, the answer is to be deemed to sufficiently show or state that it is interposed as a partial defense, and it is unnecessary to call it such.

An answer alleging a payment of a certain sum less than the amount claimed in the complaint, characterizes itself as a partial defense, and hence, in effect, states that it is such.

APPEAL by the plaintiff, Emmett Howd, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of Rensselaer county on the 4th day of May, 1893, upon a decision of the court made at the Albany Special Term overruling the plaintiff's demurrer to the answer of the defendants, Sarah E. Cole and John A. Cole, with notice of an intention to bring up for review on such appeal the order entered in the Rensselaer county clerk's office on the 22d day of April, 1893, overruling plaintiff's demurrer to the defendants' answer.    The action was brought to foreclose a mortgage.

The answer in question was as follows:

"Now come the said defendants, Sarah E. Cole and John A. Cole, her husband, and for answer to the complaint herein:

" I. Deny, upon their information and belief, that there is now justly due the plaintiff upon the bond and mortgage set forth in the complaint herein, the sum of three thousand dollars, with interest thereon from the first day of November, 1884, and these defendants deny that they have omitted and neglected to pay the interest on the said bond and mortgage from November 1st, 1884.

" II. These defendants, further answering, upon information and belief, aver and state that the interest upon the bond and mortgage described in the complaint herein has been paid and discharged by payment in full up to the first day in May, 1891.

" III. These defendants, further answering, aver and state that they have no knowledge or information sufficient to form a belief as to whether Caroline B. Powers, as executrix of the last will and testament of Ellis K. Powers, did, while acting as such executrix, sell, assign, transfer and set over the said bond and mortgage for a good and valuable consideration to the plaintiff prior to the commencement of this action, as alleged in the complaint.

" Wherefore, these defendants demand that in the computation of the amount due upon said bond and mortgage, the interest may be computed from the first day of May, 1891, instead of from November 1st, 1884, as claimed in said complaint, and that these defendants may be allowed their costs of this action."

Section 508 of the Code of Civil Procedure provides that " A partial defense may be set forth, as prescribed in the last section, but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth. Upon a demurrer thereto, the question is, whether it is .sufficient for that purpose."

*John W. Roddy*, for the appellant.

*Shaw, Bailey & Murphy*, for the respondents.

PER CURIAM :

The complaint stated a cause of action upon a bond and mortgage, claiming that there was due thereon a principal sum of $3,000 and interest from November 1, 1884. Defendants denied that the interest was due from November 1, 1884, and alleged payment of the same to November 1, 1891. In the prayer for relief they demanded

that in the computation of the amount due on the bond and mortgage the interest may be computed from May 1, 1891, instead of November 1, 1884, as claimed in the complaint.

The plaintiff demurred to the allegations in the answer setting up payment of interest as aforesaid, on the ground that such answer was not therein alleged to be a "*partial defense*," as required by section 508, Code of Civil Procedure. It is plain, however, that the payment was alleged by defendants as a partial defense, although they did not characterize it by using those words.

We think that, in such a case as this, where an answer alleges plainly a partial defense, it is unnecessary for the pleader *to call it such*. Such an answer characterizes itself, being necessarily a partial defense, especially with such a prayer for relief as was interposed in the answer in question. A reasonable construction of section 508, Code of Civil Procedure, does not, we think, require a pleader in every case to use the words "partial defense" where the answer sets up a defense that clearly appears on its face to be such.

Section 507 of the Code of Civil Procedure provides that unless a defense "is interposed as an answer to the entire complaint, it must distinctly refer to the cause of action which it is intended to answer." Yet it is held in *Crasto* v. *White* (52 Hun, 473) that where a separate defense containing denials and allegations which can by no possibility refer to any other than a particular cause of action in the complaint, the defense refers, within the meaning of section 507 (*supra*), to that cause of action. So here, where it is entirely clear that the portion of the answer demurred to was intended to be set up as a partial defense, and where the relief claimed is only consistent with such, the answer should be deemed to sufficiently show or state that it is interposed as a partial defense. We have examined the cases cited by appellant, but do not regard them as sustaining his contention.

An answer alleging a payment of *a certain sum* less than the amount claimed in the complaint characterizes itself as a partial defense, and hence, in effect, states that it is such.

The judgment should be affirmed, with costs.

Present — MAYHAM, P. J., and PUTNAM, J.; HERRICK, J., not acting.

Judgment affirmed, with costs.