SILBERMAN v. NEW AMSTERDAM GAS CO.

(Supreme Court, Special Term, New York County. November, 1899.)

1. TRESPASS—PLEADING—INSUFFICIENT DEFENSE.
   A defense to trespass that plaintiff invited defendant to enter the premises, a refusal by complainant to fulfill the invitation by admission, and defendant's entry in spite of the refusal, is demurrable, since the refusal of admission revoked the invitation.

2. SAME—PARTIAL DEFENSE.
   A defense insufficient in bar is not sustainable, as against a demurrer, as a partial defense in mitigation of damages, where it is not pleaded as a partial defense.

Action by Simon Silberman against the New Amsterdam Gas Company. Demurrer to defendant's answer. Sustained.

John Gruenberg, for plaintiff.

Joseph J. Myers, for defendant.

GIEGERICH, J. The complaint proceeds upon trespass, founded upon a forcible entry, as well as upon a cause of action for assault and battery, following the trespass upon the property. A defense is set up, which, in substance, is based upon an invitation to enter the premises, a legal duty to accept the invitation, a refusal by the plain-

tiff to fulfill the invitation by admission to the premises, and the fact that entry was then made notwithstanding the refusal. Upon demurrer to the defense it is claimed by the defendant that the allegations are directed to the cause of action for a trespass upon the property, and that, since the defense could not apply to the cause of action for assault, the omission of words applying it to the trespass is immaterial. Clearly, however, the defense thus sought to be set up discloses no justification for the trespass. The invitation to enter the premises could have implied only an invitation to enter peaceably, and the refusal of admission merely operated as a revocation of the invitation. In no aspect could the invitation be viewed as anything greater than a license, and, according to the allegations of the defense, the trespass was not justified by the license, but was perpetrated solely because of its revocation. But the defendant asserts, conceding the insufficiency of the defense, as in bar, the matter alleged should be viewed as proceeding in mitigation of damages as a partial defense. This contention must fail through the omission of an allegation that the defense was intended as a partial defense (Code Civ. Proc. § 508; Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675; Mason v. Dutcher [Com. Pl.] 33 N. Y. Supp. 689), since, while it has been held that, where the nature of the defense is partial, and so obviously that there can be no possibility of dispute, the special designation may be dispensed with (Howd v. Cole, 74 Hun, 121, 26 N. Y. Supp. 431), in the present case the doubt as to the meaning of the defense is so clearly shown by the argument adopted in its support as to leave nothing for the court to add.

The demurrer is sustained, with costs, with leave to amend within 20 days upon payment of costs.