### ASHFIELD et al. v. CASE.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. BROKER—EMPLOYMENT TO PROCURE LOAN—RIGHT TO COMMISSIONS.

    A broker employed to procure a loan does not earn his commissions by merely securing a competent person who offers to make the loan, which offer the client accepts, but who afterwards refuses to consummate the transaction.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by J. Howard Ashfield and others against David K. Case. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and HIRSCHBERG, BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Ralph E. Hemstreet, for appellants.

David K. Case, in pro. per.

JENKS, J. The action is for brokers' commissions for services in procuring a loan upon real estate. The parties agreed upon the facts. The defendant trustee authorized the plaintiffs to procure the loan, and promised to pay $100 commission therefor. The plaintiffs were the efficient cause of procuring Wilson to accept, in writing, the application. Thereupon they reported to the defendant, exhibited the writing, and demanded their commission, which was refused. Wilson was financially able and otherwise competent to enter into the contract, but withdrew his acceptance, and refused to make the loan, although the defendant was at all times ready, willing, and competent to enter into the contract, and never refused to do so.

I think that the judgment must be affirmed upon the authority of Crasto v. White, 52 Hun, 473, 5 N. Y. Supp. 718. There is indicated in that case a plain distinction between a broker employed to procure a purchaser and one employed to procure a loan, and the reason stated in that opinion need not be quoted or recast by me. The cases cited by the learned counsel for the appellant, save one, involved contracts to procure a purchaser. The single exception is Gatling v. Central Spar Verein, 67 App. Div. 50, 73 N. Y. Supp. 496. In that case the liability of the defendant is expressly asserted to depend upon the act or misfortune of the defendant in not consummating the transaction, and Crasto v. White, supra, is cited as an authority.

The judgment should be affirmed, with costs. All concur.

¶ 1. See Brokers, vol. 8, Cent. Dig. §§ 69, 75, 94, 97.