(109 App. Div. 168.)

### DUCKWORTH v. ROGERS.

(Supreme Court, Appellate Division, Second Department. November 29, 1905.)

1. BROKERS—CONTRACT TO PROCURE LOAN—DEFAULT OF PRINCIPAL—EVIDENCE—SUFFICIENCY.

In an action by a broker for commission in procuring a loan, the broker claimed that the failure to complete the loan was due to defendant's failure to construct a building on which the loan was desired in accordance with the plans submitted with the application. The company agreeing to make the loan assigned that fact as an excuse for withdrawing its agreement. There was a change made in the plans, but there was nothing to show that the change occurred before the refusal to make the loan, and no specific deviations from the plans were established as inducing the party agreeing to make the loan to withdraw its offer. *Held* not sufficient to authorize a recovery.

2. EVIDENCE—SIMILAR FACTS—ACTIONS FOR BROKER'S COMMISSIONS.

Where, in an action by a broker for commissions earned in procuring a loan, the broker claimed that the loan failed because of defendant's acts, evidence that a prior application for a loan on the same security had been rejected was inadmissible.

3. BROKERS—COMMISSIONS—SUFFICIENCY OF SERVICES.

A broker, under contract to procure a loan, is not entitled to his commissions without proving that the loan was actually made; and procuring an agreement to loan, subsequently withdrawn, is insufficient.

Appeal from Municipal Court of City of New York.

Action by Walter F. Duckworth against Carmelia Rogers. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

T. P. Pierce, for appellant.

HIRSCHBERG, P. J. The respondent has not ventured to defend the judgment which he has recovered. The action is brought to recover commissions alleged to have been earned by the plaintiff as broker for the defendant in procuring a building loan of $6,500. The allegation of the amended complaint is to the effect that the plaintiff procured an acceptance of the loan by the People's Safe Deposit & Trust Company of Jersey City, but that the company afterwards refused to make the loan, because the defendant did not construct the building upon which the loan was desired in accordance with the plans and specifications which were submitted with the application for the loan. The evidence does not establish the fact that the loan failed because of the defendant's failure to follow the plans and specifications. There is some evidence that the company assigned that fact as an excuse for not making the loan, and there is also some evidence that a change was made in the beams or joists; but the two facts are not connected in any way, nor is there anything to indicate that the change occurred before the refusal to make the loan, or that it was known to the company and affected its action in that regard. The plans and specifications were not read in evidence, and no specific deviations from them were established as operative upon the trust company to induce noncompliance with its agreement to advance the money. Moreover, evidence was received, against the defendant's

95 N.Y.S.—69

objection, that a prior application for a loan on the same security had been rejected. This was clearly improper.

The mere agreement by the trust company to make the loan was not sufficient to create a right in the plaintiff to the compensation sought. In Crasto v. White, 52 Hun, 473, 5 N. Y. Supp. 718, it was held that a broker employed to procure a loan on real estate was not entitled to his commissions on mere proof that he had secured a person able and willing to make the loan, who was accepted by his principal. The contract of brokerage in the matter of a loan differs from one with respect to a sale of real estate, in that it is not regarded as fully performed until the prospective lender actually makes the loan, or refuses because of the fault or miscarriage of the principal. The case cited was followed in this court in Ashfield v. Case, 93 App. Div. 452, 87 N. Y. Supp. 649, where it was held that a broker employed to procure a loan was not entitled to recover commissions, notwithstanding he had procured a written acceptance of the application for the loan from one who was financially able to make it, but who subsequently refused to do so.

The judgment should be reversed. All concur.