### STEELE v. LIPPMAN.

(Supreme Court, Appellate Term. April 8, 1909.)

1. BROKERS (§ 85*)—ACTIONS FOR COMPENSATION—ADMISSIBILITY OF EVIDENCE.
 In a broker's action for commissions for procuring a loan, a conversation by the broker, during the course of his employment, with the lender's attorney, wherein the latter offered to make the loan, was admissible.
 [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 111; Dec. Dig. § 85.*]

2. BROKERS (§ 63*)—COMPENSATION—SUFFICIENCY OF BROKER'S SERVICES.
 While a broker, employed to procure a loan, does not perform his whole contract by merely securing an offer to loan, but must actually procure the loan, unless his failure to do so is caused by the borrower, if the latter repudiates the contract, the broker need not produce the proposed lender, or even give his name, in order to recover compensation.
 [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 81, 94–96; Dec. Dig. § 63.*]

3. BROKERS (§ 84*) — COMPENSATION — SUFFICIENCY OF BROKER'S SERVICES — ABILITY AND WILLINGNESS TO PERFORM.
 If the borrower absolutely repudiates his contract with a broker for procuring a loan, the latter need not show, in order to recover compensation for procuring the loan, that the proposed lender was able and willing to carry out his offer, as that will be presumed.
 [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 84.*]

4. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—PREJUDICIAL EFFECT—EXCLUSION OF EVIDENCE.
 Where the record did not show whether judgment was given for defendant, in a broker's action for compensation for procuring a loan, because of the conflicting evidence, or because, without evidence which was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

improperly excluded, plaintiff did not show that he had procured an offer to make the loan, the exclusion of the evidence was prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1056.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Henry R. Steele against Jacob Lippman. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Wallace N. Vreeland, for appellant.

Paul Hellinger (William C. Rosenberg, of counsel), for respondent.

LEHMAN, J. This is an action upon a claim by a broker for commissions alleged to have been earned upon an authorization from defendant to procure a mortgage loan upon certain premises in the city of New York. The authorization was subsequently revoked, but the plaintiff claims that before the revocation the broker had procured and produced a person who was ready, able, and willing to make such a mortgage loan, and that the defendant has repudiated his contract, and refuses to accept the mortgage loan, which he has procured.

The plaintiff, at the trial, was not allowed to introduce in evidence a conversation with the attorney for the lender, which appears to be clearly competent, as held during the course of his employment. It would appear that it was during this conversation that he actually secured an offer to loan the amount required by the defendant. While a broker has not performed his whole contract when he has secured an offer to loan upon the terms set forth by the borrower, but must actually secure a mortgage loan, unless the loan fails through the fault of the borrower (Cresto v. White, 52 Hun, 473, 5 N. Y. Supp. 718; Duckworth v. Rogers, 109 App. Div. 168, 95 N. Y. Supp. 1089), yet, if the borrower absolutely repudiates the contract, then the broker need not go through the formality of producing the lender, or even giving his name (Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. 790). He also need not show that the proposed lender was able, as well as willing, to carry out his offer, because that fact will be presumed. Thain v. Philbrick, 36 Misc. Rep. 829, 47 N. Y. Supp. 856.

It does not appear from the record whether the justice decided this case upon the conflict of evidence, or because, without this conversation, the plaintiff had failed to show that he actually secured an offer to loan the money upon the terms proposed by the defendant. The exclusion was, therefore, a material error, and the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.