### ROSENTHAL v. GUNN et al.

(Supreme Court, Appellate Term. November 12, 1909.)

1. BROKERS (§ 84*)—ACTION FOR PROCURING LOAN—EVIDENCE.

    If the title to property on which a loan was to be made was not good, it should be proved in a suit for procuring the loan thereon which was not made.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 104, 105; Dec. Dig. § 84.*]

2. BROKERS (§ 60*)—PERFORMANCE OF AGREEMENT—PROCURING LOAN.

    Procuring an agreement to make a loan is not the same as procuring loan.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BROKERS (§ 84*)—ACTION FOR PROCURING LOAN—EVIDENCE.
    In an action for procuring a loan on property, it cannot be assumed, in the absence of evidence, that it was not made because of defendants' fault, or because they did not have a good title.
    [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 104, 105; Dec. Dig. § 84.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Elias Rosenthal, as assignee of Leonard Levis and others, against John Gunn and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Purdy, Squire & Rowe, for appellants.
Gates Hamburger, for respondent.

SEABURY, J. Plaintiff's assignors were employed under a written contract "to procure a loan" upon property owned by the defendants. The evidence shows that the plaintiff's assignors procured an agreement from a third person to make a loan. The loan was not made. Why it was not made was not shown by any competent evidence. It is stated in the brief of counsel that the defendants' title to this property upon which the loan was to be made was not good. If such was the fact, it should have been proved. Procuring an agreement from a third person to make a loan is not the same thing as procuring a loan. In the absence of any evidence on the subject, we cannot assume that the loan was not made because of the fault of the defendants, or because the defendants did not have a good title to the property.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.