SLAWSON & HOBBS v. RAFTER.

(Supreme Court, Appellate Term.   March 21, 1912.)

BROKERS (§ 54*)—OBTAINING LOAN—COMPENSATION—COMMISSION—CONTRACT
To entitle brokers to commissions under an agreement to pay them 2 per cent. for securing a loan before a certain date, they must either have procured a person who made the loan on or before that date, or one who was ready, willing, and able to actually make the loan, but prevented from so doing by fault of the principal; and the mere procuring of an agreement from an agent of a purported lender that he would make such a loan, though made within the time limit, would not en-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

title the brokers to commissions, where the purported lender was out of the country and could not have performed.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

Appeal from City Court of New York, Trial Term.

Action by Slawson & Hobbs against Edward Rafter. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Hardy, Stancliffe & Whitaker (Noah A. Stancliffe, of counsel), for appellant.

Louis W. Stotesbury, for respondent.

SEABURY, J. This action was brought by the plaintiff to recover commissions alleged to have been earned under a written authorization to procure a loan. The authorization was signed by the defendant on March 24, 1911, and the material part thereof reads as follows:

"I hereby authorize Slawson & Hobbs to procure this loan, on obtaining which I agree to pay them 2 per cent. of the amount of loan, to cover all charges, including mortgage tax. This authorization to expire March 27, 1911."

It is clear that the defendant agreed to pay the plaintiff the commissions claimed, provided that the plaintiff procured the loan on or before March 27, 1911. It is equally clear that procuring an agreement from a third person to make a loan is not the same thing as procuring a loan. Rosenthal v. Gunn, 119 N. Y. Supp. 165. In Duckworth v. Rogers, 109 App. Div. 168, 169, 95 N. Y. Supp. 1089, 1090, the court said:

"The mere agreement by the trust company to make the loan was not sufficient to create a right in the plaintiff to the compensation sought. In Crasto v. White, 52 Hun, 473 [5 N. Y. Supp. 718], it was held that a broker employed to procure a loan on real estate was not entitled to his commissions on mere proof that he had secured a person able and willing to make the loan, who was accepted by his principal. The contract of brokerage in the matter of a loan differs from one with respect to a sale of real estate, in that it is not regarded as fully performed until the prospective lender actually makes the loan, or refuses because of the fault or miscarriage of the principal."

The cases relied upon by the respondent are not contrary to the rule laid down in Duckworth v. Rogers, supra. Under the rule declared in that case, the burden was upon the plaintiff to prove that it produced a man who actually made the loan on or before March 27, 1911, or that the lender procured by it was ready, willing, and able to actually make the loan on or before March 27, 1911, but was prevented from so doing by fault of the defendant. This burden the plaintiff did not sustain.

The evidence discloses that the lender proposed was in Bermuda on March 27th, and did not arrive in New York until April 3d or 4th;

and, while it is clear that the loan was accepted on March 27th by a duly authorized agent of the proposed lender, it is equally clear that the agent did not offer, and was not ready, willing, and able, to make the loan on that day, nor was he prevented from so doing by the defendant. The fact is that on March 27th the agent contemplated making an agreement to lend, and intended to make the loan at some future time. This is made clear by the fact that the application for an examination of title was not made on behalf of the proposed lender until March 29, 1911. The plaintiff established that on March 27th it procured from a third party an agreement to make the loan, but did not establish that it procured a loan, or was prevented by the defendant from so doing, before the expiration of the authorization upon which it sues.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.