(84 Misc. Rep. 450)

### SUGARMAN et al. v. KEARNS.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

BROKERS (§ 49*)—COMPENSATION—SUFFICIENCY OF SERVICES OF BROKER.

> Where a broker employed to procure the acceptance of an assignment of a mortgage merely secured an acceptance "subject to the requirements and regulations" of the company with whom the negotiations were had, and the deal fell through because an estoppel certificate against another mortgage was demanded and could not be furnished, the broker could not recover his commissions for procuring such conditional acceptance, as it only amounted to an agreement to accept the assignment, subject to any requirement that might be imposed or at pleasure.

> [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Harry Sugarman and another against Wilhelmina Kearns. From a judgment for plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

John T. Mulhall, of New York City, for appellant.
John H. Jones, of New York City, for respondents.

GUY, J. This action was brought to recover $200 broker's commissions alleged to be due plaintiffs for procuring an acceptance of an assignment of a first mortgage loan of $4,000, with an extension thereof for five years, on premises No. 241 East 123d street, New York City, at 5½ per cent. per annum, within two days from September 15, 1913. The answer sets up a general denial.

The contract, which was in writing, provided for any necessary subordination agreement (in relation to the second mortgage), but was silent as to any estoppel certificates on junior mortgages. Plaintiffs, claiming to act as defendant's agent, signed an application to the title company for a loan, but no mention was made therein as to defendant procuring such estoppel certificates from subsequent mortgagees as might be requested by the title company. On September 15, 1913, plaintiffs procured from the title company, whose client mortgage company held the first mortgage, a written conditional agreement to make said loan, to be a first lien on the premises 241 East 123d street, the mortgage to run for five years at 5½ per cent. interest "subject to the requirements and regulations of this company." What these requirements and regulations were the conditional acceptance did not disclose.

The parties met for the purpose of closing the transaction, when the attorney representing the mortgage company demanded an estoppel certificate from the holder of an alleged unpaid third mortgage on which no interest had been paid for over twenty years, and, because defendant could not produce the desired estoppel certificate, the closing fell through.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The legal effect of the conditional acceptance the title company signed was simply an agreement to make a loan and to accept an assignment of the mortgage held by defendant, as security therefor, subject to any requirement it might see fit to impose, or at its pleasure. The procuring of such a conditional acceptance by plaintiffs was not such a performance of the brokers' duty as would entitle them to commissions. Holliday v. Roxbury Distilling Co., 130 App. Div. 645, 656, 657, 115 N. Y. Supp. 383; Duckworth v. Rogers, 109 App. Div. 168–170, 95 N. Y. Supp. 1089; Ashfield v. Case, 93 App. Div. 452, 453, 87 N. Y. Supp. 649; Crasto v. White, 52 Hun, 473, 476, 477, 5 N. Y. Supp. 718; Steele v. Lippman (Sup.) 115 N. Y. Supp. 1099, 1100.

The plaintiffs having failed to perform their contract to obtain a loan for defendant, based on the acceptance by the lender of an assignment of defendant's mortgage as security, have established no cause of action against the defendant.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs.   All concur.