THEODORE W. SECKENDORFF, Plaintiff, *v.* HALSEY, STUART & CO., INC., and Others, Defendants.*

Supreme Court, New York County, November 7, 1929.

*Battle, Miller, Levy & Van Tine* [*George Gordon Battle, Ludlow S. Fowler* and *H. H. Shepard* of counsel], for the plaintiff.

*Beekman, Bogue & Clark* [*Harold H. Corbin, William Ferguson* and *Edward K. Hanlon* of counsel], for the defendants Halsey, Stuart & Co., Inc., William R. Compton Company and Hambleton & Co., Inc.

*Elmer W. Maher,* for the defendant A. B. Leach & Co., Inc.

*S. Stanwood Menken,* for the defendant Rogers, Caldwell & Co., Inc.

* Revd., 229 App. Div. 318.

FRANKENTHALER, J.  The defendants Rogers, Caldwell & Co., Inc., and others are sued for commissions by the plaintiff, an unlicensed real estate broker, on the claim that he brought information to them in connection with the financing of certain real estate, described as Wardman Real Estate Properties, in the city of Washington, and negotiated with them " with a view to such financing being furnished by Rogers, Caldwell & Co., Inc., or by such other persons or corporations as should be selected." The plaintiff alleges, in reply to the defense, that he was not a licensed real estate broker; that he submitted information concerning the properties to Rogers, Caldwell & Co., Inc., and asked it to investigate the properties " with a view to the possible underwriting and issuance of securities against the aforesaid real properties."

The complaint avers that the negotiations began in November, 1926; that the agreement, in writing, to pay the plaintiff commissions was made in March, 1927; that such writing constituted an acknowledgment by Rogers, Caldwell & Co., Inc., of its interest in the financing and that plaintiff had introduced the business to it, and that it and its associates would pay the plaintiff a percentage of the amount of the loan as an " originating commission " should the financing be accomplished.  It also appears from the complaint and plaintiff's bill of particulars that a $15,000,000 loan, secured as to $11,000,000 thereof by a first mortgage on the Wardman Real Estate Properties, resulted from the negotiations initiated by the plaintiff, and the latter claims he is, accordingly, entitled to a commission thereon.

It is clear that the transaction involved a loan secured, or to be secured, by a transfer of, or a mortgage or other incumbrance upon, real estate within the intent of section 440 of the Real Property Law (added by Laws of 1922, chap. 672, as amd. by Laws of 1927, chap. 107).  When completed, the loan was substantially secured by real estate, a circumstance which, when considered with the contents of the complaint and the reply's admission that the financing was to be done by the issuance of securities against the realty, brings the transaction within both the spirit and the letter of the section above referred to.

It is the contention of the plaintiff that his introduction to the defendants of a deal contemplating the making of such a loan does not legally make him a broker, the claim being made that a distinction should be drawn between a broker's commission and an " originating commission."  This, in my opinion, would open the door to a destruction of the salutary purpose of the statute, viz., to protect those dealing with brokers against ignorance, fraud and dishonesty.  (*Roman* v. *Lobe*, 243 N. Y. 51.)

The statute's application is to be determined by what a person does in the transaction in question and not by what he may choose to call himself, or by any extraordinary characterization of the commissions he seeks. So viewed, and bearing in mind the object of the legislation, I can perceive no reasonable ground for differentiating between an ordinary commission and a so-called " originating commission." A broker's compensation may be earned by producing a lender or a borrower, or by representing a seller or buyer. His client may first approach him with a request for his services, or, as is often the case, he may suggest the transaction to his client who, by adopting his efforts theretofore rendered, authorizes his services in the future. In all these cases, however, no matter how the relationship may begin, or whatever the methods used, he remains throughout a broker.

Reliance is placed by the plaintiff upon *Weingast* v. *Rialto Pastry Shop, Inc.* (243 N. Y. 113; followed in *James* v. *Alderton Dock Yards, Ltd.*, 225 App. Div. 675), where the sale of a going restaurant was involved. A lease of the premises where the business was situated was, of necessity, included in the sale as a valuable incident thereof. The decision of the court was that the statute did not apply, although the lease had a substantial value, because the essence of the transaction was the sale of a business. The argument that the statute should not be invoked where security other than real estate is used as additional collateral for the loan is met here by the fact that the primary intention was to secure a loan upon real property. The statute does not mean that nothing but real estate is to be used as security. Such a holding would afford an obvious avenue of escape from its provisions by the device of including in the contract incidental personalty.

The pleadings and bill of particulars disclose that the real object of the parties was to obtain moneys to be secured by an incumbrance upon or transfer of an interest in real estate, and before the plaintiff can recover commissions he must allege and prove that he was a duly licensed broker. (*Blank* v. *Longenberger*, 132 Misc. 374.)

The motion is granted and the complaint dismissed.