MORRIS EICHENBAUM and Others, Copartners Doing Business as EICHENBAUM, GREENHAUT & GARTNER, Plaintiffs, *v.* TAXICAB INDEPENDENT OWNERS AUTO MUTUAL CASUALTY COMPANY, INC., etc., Defendant.*

City Court of New York, Bronx County, December 3, 1929.

*Sidney M. Wittner*, for the plaintiffs.

*James J. Dooling*, for the defendant.

EVANS, J. This is a suit by a real estate broker to recover damages for the failure of defendant to observe a contract to lend money on mortgage on real property. The contention of plaintiffs is that if the money had been loaned, as agreed by all the parties to the transaction, they would have received a commission from the borrower. The Appleton Construction Company, the proposed borrower, asked plaintiffs to obtain a mortgage loan on some real property. Plaintiffs sought to obtain the loan from defendant. After some negotiation as to the amount of the loan, defendant told plaintiffs that if an amortization clause were put into the mortgage it would lend $32,000 on the property. The borrower accepted the suggested amortization clause and a written contract was entered into between borrower and lender, which obligated defendant to make the loan, and the Appleton Con-

---

* See, also, 136 Misc. 58.

struction Company to take it. The minds of the parties had fully met as to all the terms of the loan, and all that was required was the formal closing, which was set for June 23, 1927. There were some adjournments, but a definite final closing date was set for July 11, 1927. On that day defendant refused to close the transaction. Plaintiffs had a written contract with the Appleton Construction Company by which the borrower agreed to pay plaintiffs a commission of six per cent of the amount borrowed, and that was to be payable on the closing day.

There was nothing in their contract with the Appleton Construction Company that deprived them of their commissions in the event that the loan was not actually consummated by the formal closing. Under the well-established rules, the plaintiffs had done all that was required of them. They procured for the Appleton Construction Company a party ready, willing and able to make the loan. It is not the obligation of a broker to see that his principal carries out the contract or compels its observance by the other party. His full work is done when the contract is signed. There is no need for him to have anything to do with the formal closing. Nor could any adjournments by borrower and lender, without plaintiffs' consent, operate to delay the payment of his commissions. The closing day was set for June 23, 1927, and on that day they would have been entitled to their commissions, were it not for the fact that they seem to have consented to, or, at least, made no objection to the various adjournments which finally set the closing date to July 11, 1927. Thus the brokers had fully performed their work. They caused the minds of the parties to meet. Not only that, but there was a written contract binding them both. They had clearly earned their commissions, and the Appleton Construction Company was liable to them for their commissions on the closing day, to wit, July 11, 1927. There can be no doubt that defendant would be liable to the Appleton Construction Company for damages for the breach of the contract, and that one of the items of damages would be the amount that it would have to pay the plaintiffs, as brokers. But plaintiffs choose to impose liability directly on this defendant. They say they have that right under the authorities. (*Pease & Elliman, Inc.,* v. *Gladwin Realty Co., Inc.,* 216 App. Div. 421; *James* v. *Home of Sons & Daughters of Israel,* 153 N. Y. Supp. 169; *McKnight* v. *McGuire,* 117 Misc. 306; *Parker* v. *Simon,* 231 N. Y. 503.) I think the plaintiffs are mistaken in their notions of the theory of those cases. Those cases are applicable to a situation where the broker is *prevented from earning* his commissions from the party who is to pay them. They are not applicable to a situation where the broker has actually earned his commissions,

and there is somebody liable to him for them, on contract express or implied. The broker has no choice to select, as the one liable to him, the party whom he believes to be guilty of a breach of the contract to sell, mortgage or lease. Plaintiffs have no right to impose liability on defendant, by mere failure to collect their commissions, and mere neglect to enforce their rights against the Appleton Construction Company. If a broker has acquired a right to commissions from one of the parties to the transaction, he has not been damaged by the breach of the other party. As against the defendant the cause of action cannot be upon contract express or implied. It must be and is for damages. So far as these plaintiffs are concerned, the breach of the contract by defendant has caused no damage to them. They have earned their commissions from their client, and the Appleton Construction Company must pay them.

In view of the foregoing, there is no need to go into the question as to whether the evidence shows an employment of the plaintiffs by defendant, within the meaning of *Pease & Elliman, Inc.,* v. *Gladwin Realty Co.* and *Parker* v. *Simon (supra).*

There must be judgment for defendant on the merits. Motion to dismiss complaint granted, with the usual costs to be taxed.