Per Curiam.

The verified complaint was insufficient in that there was a failure to allege on the part of defendant a refusal to accept the commitments for the mortgage loans in question, or to allege any facts showing that the failure to consummate the contemplated loan transactions resulted from the fault or miscarriage of defendant. (Crasto v. White, 52 Hun 473; Ash-field v. Case, 93 App. Div. 452; Duckworth v. Rogers, 109 App. Div. 168.)
The complaint was defective on its face also for failure to allege therein that plaintiff was a duly licensed realty broker on the date when the alleged cause of action arose. (Real Property Law, § 442-d,; Gartrell v. Jennings, 283 App. Div. 789; Cooper v. Realty Appraisers, 3 Misc 2d 646.)
The material allegations of the complaint were put in issue by the general denial contained in the answer interposed by defendant and hence judgment on the pleadings should not, in any event, have been granted in favor of plaintiff. (Spencer v. City of New York, 279 App. Div. 1021; Lederman v. Board of Educ. of City of N. Y., 276 App. Div. 527, 531.)
The order granting judgment on the pleadings to plaintiff, and judgment entered thereon, should be unanimously reversed upon the law, with $10 costs, and defendant’s motion for judgment on the pleadings dismissing the complaint granted with leave to plaintiff to serve an amended complaint within 10 days after service of a copy of the order to be entered herein with notice of entry.
Concur — Pette, Haet and Brown, JJ.
Order reversed, etc.