William W. Serra, J.
This is an action to recover a commission for the sale of real property situated in the County of Allegany. On the trial of the action and at the close of all the proof, counsel for the defendants moved to dismiss the complaint on the ground that the complaint fails to comply with the requirements of section 442-d of the Real Property Law of the State of New York and in particular in that the complaint fails to allege that the plaintiff is a licensed broker. It is further claimed that it is neither alleged nor proved, either that the complainant corporation is a licensed broker, or that the managing agent, employed by the plaintiff and who allegedly induced the sale, is either a licensed broker or salesman.
The plaintiff, in answer to the motion relies upon the case of Kirp v. Caleb’s Path Retail Corp. (19 A D 2d 744) in which the Appellate Division permitted the plaintiff to submit for its consideration on appeal documentary proof of the license of the plaintiff broker. The plaintiff also asks for leave to replead should the defendants ’ motion be granted.
The court considers the provisions of section 442-d to be mandatory and without a proper allegation and proof of the licensing of the real estate broker or salesman the complaint must be dismissed. (Copellman v. Rabinowitz, 208 Misc. 274; Seckendorff v. Halsey, Stuart & Co., 135 Misc. 241, revd. 229 App. Div. 318; Crescenzo v. Roma Holmes, 13 Misc 2d 327.) By a construction of section 441-f and section 442-b of the Real Property Law, together with section 442-d, it would further appear that it is necessary to allege and prove the licensing of the agent (Meyers v. Sutfin, 203 N. Y. S. 103).
Since the complaint must be dismissed, the question then arises as to whether the plaintiff may be, or should be, permitted to plead anew. Pursuant to CPLR 3211 (subd. [a], par. 7) a party may move for judgment dismissing a cause of action if the pleading fails to state a cause of action, and under subdivision (e), the motion made may be made at any time. It is, therefore, not waived by failure to raise the question earlier in the action. It is further provided in subdivision (e) that if the *437 opposing party desires to plead again in the event the motion is granted, he should so state in his opposing papers and may set forth evidence that could properly be considered on a motion for summary judgment is support of a new pleading. In Weinstein, Proposed Revision of New York Civil Practice, 60 Columbia Law Review 50, 74, and note, also, 60 Columbia Law Review 1015,1029, referred to by the Advisory Committee to the Legislature, it appears that the original intention was to judge the motion by the standards used to test a motion for summary judgment. The Legislature in its discretion however, did not present such a standard in the statute. The rule requires only that the evidence which would be relied upon to prove the allegations of the new pleading be “ stated.”
In support for the plaintiff’s application for leave to serve a new pleading, there has been submitted to the court an affidavit of Richard Painter, showing that at the time of the listing of the property on July 24, 1962, he was a licensed salesman for the plaintiff corporation and that he was either a licensed salesman or licensed broker in the employ of the plaintiff continuously during the period for which the claim that the commissions became due or earned took place under the terms of the selling agreement. In further support of this statement, the plaintiff has submitted licenses of the plaintiff broker for the periods November 1, 1961 to October 31, 1963, and November 1, 1963, to October 31, 1965, and a salesman’s license for the Hornell Manager, Richard Painter, for the period November 1, 1961, to the period October 31, 1963. These, together with the affidavit of Richard Painter that he was licensed to operate as salesman for the plaintiff from the 27th of April, 1960, and as broker from the 21st of August, 1964, support the statements of counsel as to the existence of proper licensing and the availability of proof.
This court does find that argument of the plaintiff as to the effect of the Kirp case (19 A D 2d 744, supra) is not supported by the record or controlling in this case. In the Kirp case, it was actually alleged that the plaintiff was properly licensed, and it was proved by direct testimony that the licensing was proper during the period of the transactions in question. The submission to the Appellate Division was only by way of supporting proof by documents after a finding by the lower court that the licensing did in fact exist, although it was held that the direct proof was sufficient. In this ease, there was no allegation and no proof of licensing of any kind.
The motion to dismiss the complaint is granted.
*438 The plaintiff, by reason of the foregoing, in the discretion of the court, shall be allowed to serve an amended complaint and the rights of the defendants to plead and to prove the defenses alleged shall be protected and reserved. The defendants will be allowed costs on this motion in the amount of $20.